John FRYER, Appellant,

v.

John NOECKER, Individually and in his Official Capacity as Chairman of the East Brunswick Township Board of Supervisors;

Glenn Miller, individually and in his Official Capacity as Member of the East Brunswick Township Board of Supervisors;

Raymond Gaston, Individually and in his Official Capacity as former Member of the East Brunswick Township Board of Supervisors; East Brunswick Township.

No. 01–3300.

United States Court of Appeals, Third Circuit.

Argued March 8, 2002.

Filed April 23, 2002.

Johanna L. Gelb, Esq. [Argued], Scranton, PA, for Appellant.

Harry T. Coleman, Esq. [Argued], Abrahamsen, Moran & Conaboy, Scranton, PA, for Appellees.

Before BECKER, Chief Judge, ALITO and RENDELL, Circuit Judges.

OPINION OF THE COURT

RENDELL, Circuit Judge.

John Fryer contends that he was dismissed from his public position in retaliation for protected activity, giving rise to a First Amendment retaliation claim under 42 U.S.C. § 1983. Fryer had made known his desire to be appointed to the position

of Road Master of East Brunswick Township, and had circulated a petition in support of his appointment.

The District Court dismissed his complaint, concluding that Fryer's First Amendment rights were not implicated because his desire for appointment was a matter "of only personal interest to him" and thus was not protected by the First Amendment. We conclude that dismissal was inappropriate and will reverse.

The District Court had jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1367, and we have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

Since this matter was dismissed by the District Court on the basis of a Rule 12(b)(6) motion, our standard of review is plenary. E.g., *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.,* 140 F.3d 478, 483 (3d Cir.1998). The pleading was appropriately dismissed only if "no relief could be granted under any set of facts consistent with the allegations of the complaint." *Id.*

The relevant provisions of Fryer's complaint include the following:

25. Defendants eliminated Fryer's position and terminated him from the road crew on December 11, 1998 solely in retaliation for his seeking the position of Road Master of East Brunswick Township for the year 1999 and expressing his opposition to Noecker as Road Master of East Brunswick Township.

26. Fryer's conduct, i.e. preparing and circulating the petition declaring his candidacy for the Road Master position for the year 1999, constituted a permissible protected activity.

27. Fryer's conduct, i.e. preparing and circulating the petition declaring his candidacy for the Road Master position for the year 1999, addressed a matter of public concern because it relates to a matter of political or other concern to the East Brunswick Township community, i.e. who is best suited to be Road Master of East Brunswick Township.

28. Fryer's conduct, i.e. preparing and circulating the petition declaring his candidacy for the Road Master position for the year 1999, did not in any way impair Defendants' interest in managing East Brunswick Township.

29. As a result of Fryer's conduct, i.e. preparing and circulating the petition declaring his candidacy for the Road Master position for the year 1999, Defendants subjected him to an adverse employment action, i.e. elimination of his job and termination from his position on the road crew.

The District Court referenced the appropriate Supreme Court jurisprudence governing what constitutes "matters of public concern," including *Connick v. Myers,* 461 U.S. 138, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983), and *Rankin v. McPherson,* 483 U.S. 378, 107 S.Ct. 2891, 97 L.Ed.2d 315 (1987), but concluded that it was aware of no case "in which the bare question of whether the plaintiff was the best person for the position was deemed a matter of public concern. Nor has plaintiff cited any authority for his position."

We conclude that the Court's inquiry was deficient in its construction of plaintiff's complaint. It is important to note that the case law is very clear that matters are not disqualified from being matters of public concern simply because they touch on individuals and their desires. *See Azzaro v. County of Allegheny,* 110 F.3d 968, 978 (3d Cir.1997) (en banc); *Zamboni v. Stamler,* 847 F.2d 73, 77–78 (3d Cir.1988). To the contrary, regardless of the motive or the personal interest of the speaker, a matter will be deemed a matter of public concern if it is the type of issue that is important, in a self-governing society, for

public employees to be free to express themselves about. See Azzaro, 110 F.3d at 979. In fact, we have carefully resisted the temptation to adopt "controlling" distinctions as to whether a public employee's speech is speech of a public concern. *Id.* at 980.

Recently, in *Baldassare v. New Jersey,* 250 F.3d 188 (3d Cir.2001), an opinion filed one month before plaintiff sought reconsideration of the District Court's ruling in the instant matter, we noted that, although Mr. Baldassare had a personal motivation for expressing his views, that motivation was immaterial, because Baldassare was trying to bring to light actual and potential wrongdoing, and his conduct and expression in the internal investigation of employees was a matter of public concern. *Id.* at 197.

Here, the District Court made the assumption that the "protected activity" and "public concern" that Fryer wished to speak about were only his own qualifications and his own interest in being appointed Road Master. However, the allegations of the complaint, as noted above, are not so limited. Further, in his motion for reconsideration, Fryer made it known to the Court that he wished to be appointed Road Master because he had formed the opinion that defendant Noecker "was not performing his Road Master duties competently," and "malfeasance of public officials is related to an important issue of public policy." Absent discovery, though, Fryer submits there is no way to establish the basis for his opinion that defendant Noecker was not performing his duties competently. Plaintiff anticipates that during discovery Fryer will testify that he declared his intent to seek the position of Road Master because Noecker refused to perform his job, that Noecker did not allow the two road crew members to do their jobs, and that frequently the crew collect-

ed wages but did not perform services in return. These matters appear to be of public interest that would satisfy the threshold test.

We conclude, therefore, that the District Court did not apply the appropriate standard in dismissing the complaint at the outset by assuming that the only fact that plaintiff could prove was his desire for the job, and also, that the District Court, upon reconsideration, faced with the additional briefing by plaintiff, should have realized that its interpretation was too narrow.

Accordingly, the Orders of the District Court granting the motion under Rule 12(b)(6) and denying reconsideration will be REVERSED, and the matter will be REMANDED to the District Court for further proceedings.